IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EDWARD ORYEM**,

      Plaintiff,

v.                                                                        No. CIV-10-1221 RB/LAM

**WILLIAM "Bill" RICHARDSON**, individually
and in his official capacity; **ARTHUR PEPIN**,
individually and in his official capacity;
**KAREN JANES**, individually and in her
official capacity; **ISABEL CHAVEZ**, individually
and in her official capacity; **TAMMY A. BENAVIDEZ**,
individually and in her officially capacity; and
**STATE OF NEW MEXICO**, ex rel. Department of
Public Safety – New Mexico State Police and
Taxation & Revenue Department –
Motor Vehicle Division,
Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the Defendants' *Motion to Dismiss*, filed January 11, 2011 [Doc. 13], which is brought pursuant to FED. R. CIV. P. 12(b)(1) and (6); on pro-se Plaintiff Edward Oryem's *Motion for Disqualification of Sean Olivas and all the Attorneys of Keleher & Mcleod as Counsel for the Defendants*, filed January 31, 2011 [Doc. 18]; and on Oryem's *Motion for Stay of Proceedings Pending the Disposition of Plaintiff's Motion for Disqualification*, filed February 7, 2011 [Doc. 21].  Having considered the parties' memoranda[1], the relevant case law, and otherwise being fully informed, the Court DENIES the motions for disqualification and for stay and GRANTS the motion to dismiss in part.

---

    [1] Oryem objects to the Court's consideration of the Defendants' Reply brief, which was filed on February 4, 2011, erroneously contending that it was untimely filed.  *See* Doc. 24.  Oryem failed to properly compute the due date of the reply brief because he failed to apply FED. R. CIV. P. 6(d). His objection has no merit.

## I.        THE MOTION TO DISQUALIFY.

Oryem brings his motion to disqualify based solely on his legally unsupported view that it is unethical for law firms that have contributed to an individual's election fund, and that have been awarded a contract to represent elected state officials in lawsuits, to actually represent the elected individual in a lawsuit.  He believes that such representation presents a "clear conflict of interest . . . under the New Mexico Rules of Professional Conduct" – although he does not identify which rules, if any, proscribe such conduct – and that it also violates unidentified portions of the "Federal Election Commission Rules." Doc. 18 at 2, 3.  Oryem's own documentary evidence demonstrates that the law firm's contributions were properly reported.  And Oryem presents nothing to support his speculation that the law firm's contributions to election funds are "pay to play" violations.  The Court further finds that the statement, made in the response brief, that "[i]t is unlikely that the former Governor even knows that the Keleher firm is defending him" in this lawsuit, Doc. 17 at 2, is not false or misleading, and that it does not violate Rule 16-102 of the Rules of Professional Conduct.

Because Oryem has presented nothing that "raises ethical questions that are conceivably of a serious nature," *Fullmer v. Harper*, 517 F.2d 20, 21 (10th  Cir. 1975), the Court will not hold an evidentiary hearing.  *See Weeks v. Indep. Sch. Dist. No. I-89 of Okla. Cnty.*,  230 F.3d 1201, 1212 (10th Cir. 2000) (approving decision not to hold hearing because the "rationale behind *Fullmer* [that required a hearing] is inapplicable" where the facts the moving party presented in support of his motion to disqualify were undisputed, the legal issues were briefed, and a "meaningful review of the matter is possible").  An attorney or law firm cannot be disqualified for ethical violations on the basis of speculation or conjecture, and Oryem has alleged no facts that demonstrate a potential violation of the rules of professional conduct.  Because the Court finds no factual or legal support for Oryem's contentions, it will not disqualify Defendants' counsel.

2

## II.     THE MOTION TO DISMISS.

### A.  Legal standards.

To withstand a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 554, 570 (2007). Accordingly, when reviewing the sufficiency of a complaint under FED. R. CIV. P.  12(b)(6), the Court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d1149, 1160 (10th Cir. 2007);  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (noting that complaints brought under § 1983 must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery") (internal quotation marks omitted).  This obligation to provide the factual "grounds" upon which the plaintiff is entitled to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  In making its determination, the Court must accept all well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff, and drawing reasonable inferences in the plaintiff's favor.  *See id.* at 555-56.  Although a complaint does not require "detailed factual allegations," *id.* at 555, it must contain "more than an unadorned the defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The courts should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted.  First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth."  *Id.* at 1951.  Then it only "consider[s]

the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.*; *see id.* at 1954 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" and stating, "[w]ere we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss.  But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted).

### B.  Allegations in the Complaint.

Oryem, an African-American, was issued a traffic ticket on November 5, 2009, for failure to dim his lights.  Compl. ¶¶ 5, 14.  According to the documents Oryem attached to his Complaint[2], Oryem filed a not-guilty plea, and trial was initially set before Judge Naranjo in the Moriarty magistrate court for December 14, 2009.  *See id.*, Ex. D, Att. 1 at 1,2.  But Oryem excused Judge Naranjo on November 30, 2009, so the original trial date was vacated.  *See id.*  Oryem then filed a motion to transfer venue to the Socorro magistrate court on December 17, 2010, which was granted. *See id.*  A new judge was assigned, and a trial on the matter was scheduled in Socorro for February 11, 2010.  *See id.;* Compl. at  ¶ 16.  The docket sheet that Oryem submits indicates, however, that "Wellborn-DA's office" filed a notice of nonappearance on January 15, 2010.  *See* Compl, Ex. D, Att. 1.  Defendant Tammy Benavidez prepared, and Judge Larry S. Jones signed, a bench warrant for Oryem's arrest on January 19, 2010 on the mistaken belief that Oryem had not appeared for a trial on January 19.  *See* Compl. ¶ 16; *id.* Ex. C (bench warrant signed by Judge Larry Jones).

---

[2]  "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference."  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted).

According to Oryem, the notice of the warrant was actually placed in Oryem's official driving record and "entered into the Soccoro County Sheriff Office Central Dispatch, the New Mexico Crime Information Center, . . . and the National Crime Information Center . . . ."  Compl.  ¶ 53. Oryem contends that, because there was no probable cause for issuing the bench warrant, it was invalid, and entering the warrant into the systems violated his constitutional rights to due process and equal protection.  *See id.* ¶ 54.

After becoming aware of the warrant on January 24, Oryem moved to quash it on January 26, 2010.  *See id* ¶¶ 18, 19; *id.* Ex. D (motion to quash).  But by that time, Judge Jones had already orally issued an order to quash the warrant on January 20, 2010, as "not valid."  Compl., Ex. D, Att. 1 at 1 (summary notation for January 20, 2010 stating: "War: Bench Warrant FTA quashed Per Judge Jones (Telephone Call) BW quashed 'not valid.'").  Oryem's trial was held on February 11, 2010 and he was convicted.  He appealed and was again convicted in District Court on March 11, 2010, and his conviction has been upheld in the appellate courts.  *See* Compl. ¶¶ 26-28.  But Oryem states the Defendants have failed to "remove the . . . warrant from the warrant information system," after he filed his motion to quash and appeared for trial, and that he is "afraid of being arrested for an illegal and unconstitutional bench warrant."  *Id.* ¶¶ 22, 31.

**C.  Analysis**

**1.  Claims brought under 42 U.S.C. § 1983.**

Oryem brings Count I under 42 U.S.C. § 1983 against Benavidez for preparing the warrant for Judge Jones' signature, speculating that her actions were "racially motivated."  *Id.* ¶ 40.  He contends that Benavidez therefore violated his right to equal protection.  *See id.*¶ 41.  But the Complaint is devoid of any facts indicating that Benavidez (or anyone else at the Socorro magistrate court, for that matter) knew, when Benavidez prepared the bench warrant that Oryem (who is from

5

Columbus, New Mexico) is African American, or that she regularly prepared bench warrants only for African Americans who allegedly failed to appear but did not prepare them for other races of defendants who failed to appear.  Oryem has failed to state sufficient facts to "plausibly suggest an entitlement to relief" based on alleged discrimination or violation of his right to equal protection. *See Iqbal*, 129 S. Ct. at 1951.

He has further failed to state sufficient facts to state a claim against Benavidez for violation of his right to substantive due process.  "It is well settled that negligence is not sufficient to shock the conscience.  In addition, a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." *Camuglia v. The City of Albuquerque*, 448 F.3d 1214, 1222 (10th Cir. 2006) (internal quotation marks omitted). "[T]he plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking," which "is a high level of outrageousness." *Id.* at 1223 (internal quotation marks omitted).

Oryem also brings Count I against former-Governor Richardson; Arthur W. Pepin, the Director of the Administrative Offices of the New Mexico Courts; and Karen Janes, the Division Director of the Magistrate Court Division, because they "knew or should have known" that Benavidez "was targeting court cases of African American/Blacks for unconstitutional and illegal bench warrants for failure to appear" and that they failed to "take any action to prevent or stop this racial profiling."  Compl. at 9.  But because the Complaint is devoid of any facts sufficient to indicate that any Defendant was aware of Oryem's race, or that Benavidez was "targeting" African Americans by preparing illegal bench warrants, or to show that any of these three individuals were Benavidez's immediate supervisors and were personally aware of such targeting, Oryem has also failed to state a plausible § 1983 claim against them for violation of his right to equal protection.

6

*See Iqbal*, 129 S. Ct. at 1948 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Oryem also contends that Richardson, Pepin, Janes, and Isabel Chavez, the chief clerk of the Socorro Magistrate Court, failed in their duty to "adequately train, supervise, and discipline the Warrant Enforcement Clerks." *Id.* Again, because Oryem has failed to state facts to demonstrate unconstitutional discrimination by Benavidez, he also cannot show a failure to properly train her.

Oryem further contends that all four individual Defendants violated his "Fourth Amendment right prohibiting unreasonable search and seizures and the issuance of warrants without probable cause." *Id.* at 10. But Oryem's attachments to his Complaint demonstrate that he was never seized pursuant to an illegal warrant, thus he has failed to state a claim for violation of the Fourth Amendment's unreasonable-seizure prohibition. *See Childress v. City of Arapaho*, 210 F.3d 1154, 1156 (10th Cir. 2000) ("The Fourth Amendment protects individuals from 'unreasonable searches and seizures.' To state a claim under the Fourth Amendment, plaintiffs must show both that a 'seizure' occurred and that the seizure was 'unreasonable.'") (citation omitted).

Oryem further contends that the individual Defendants violated his Fourth Amendment rights by issuing a warrant without probable cause. *See* Compl. at 10. But, in New Mexico, the only person who "issues" a bench warrant is the judge who signs it. *See State v. Gurrola*, 121 N.M. 34, 36, 908 P.2d 264, 266 (Ct. App. 1995) (holding that a bench "warrant is legally issued at the time it is signed by the proper judicial authority"); N.M.R.A. 6-207(a) ("If any person who has been ordered by the magistrate judge to appear at a certain time and place . . . fails to appear at such specified time and place . . . , the court may issue a warrant for the person's arrest. . . . A copy of the warrant shall be docketed in the case file. Unless the judge has personal knowledge of such

failure, no bench warrant shall issue except upon a sworn written statement of probable cause."). Oryem properly has not brought suit against Judge Jones, who issued the bench warrant, but who is absolutely immune from suit. *See Pierson v. Ray*, 386 U.S. 547, 554-555 (1967). Oryem has failed to state a claim for violation of his Fourth Amendment rights in regard to the issuance of the bench warrant.

In Count III of his Complaint, Oryem requests declaratory and injunctive relief, contending that the Court should declare the bench warrant to be unconstitutional because it was issued without probable cause, and that it should order the New Mexico State Police to remove the warrant from the NCIC and NMCIC records and should order the Socorro County Sheriff's Central Office Dispatch and the Motor Vehicles Department to remove the warrant from Oryem's driving record. Compl. at 11-12. Otherwise, Oryem contends, he may be falsely arrested and his driver's license may be unlawfully suspended.

In the motion to dismiss, the Defendants acknowledge some of Oryem's allegations, but they insist that, because the court docket sheet shows that the warrant was quashed the day after it was entered, Oryem cannot show any harm because he was only "subject to a bench warrant for one day" thus he has no "standing" to bring his complaint for declaratory and injunctive relief. Doc. 13 at 4. That analysis ignores Oryem's allegations that, because the undisputedly invalid warrant (which appears to be facially valid because it bears Judge Jones' signature) still actually exists as an outstanding warrant in his driving records and in the NCIC and NMCIC records, he may be arrested and his driver's licenses suspended at any time notwithstanding the fact that the magistrate court has now informally quashed and deleted the warrant from its court records.

To establish Article III standing, "[a] plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or

8

imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).  The injury must be "fairly traceable to the challenged action of the defendant," and likely to be "redressed by a favorable decision." *Id.* at 560-61 (internal quotation marks and alterations omitted).  When a plaintiff couches an injury in terms of a fear of prospective arrest or prosecution, "[t]he reasonableness of  [the plaintiff's] fear is dependent upon the likelihood" that the allegedly unlawful conduct will occur.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983).  "It is the reality of the threat of . . . injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions." *Id.*  Here, because the likelihood of an unlawful arrest on an outstanding, but invalid, bench warrant that still exists in law-enforcement reporting systems and driving records is real and imminent, Oryem has stated sufficient facts to establish standing to bring his claim for declaratory and injunctive relief.

While it is true that the State and its agencies have Eleventh Amendment immunity from suits brought in federal court requesting any type of relief under § 1983, Defendant Chaves, acting in her official capacity as the chief clerk of the Socorro magistrate court, does not have immunity from suits requesting declaratory and prospective injunctive relief under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 & n. 10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (internal quotation marks omitted). Because the bench warrant ordered Chavez to "cause this warrant to be entered into a law enforcement information system maintained by the state police," Compl., Ex. C, Chavez may be ordered to cause it to be removed from the systems on behalf of the magistrate court, as required by N.M.R.A. 6-207(d) ("If the court withdraws the warrant, the court shall cause the warrant to be removed from the warrant information system.").  Oryem has stated a cognizable

claim for declaratory and injunctive relief under § 1983, but only against Defendant Chavez.

Defendants also contend that Chavez is entitled to absolute quasi-judicial immunity on all of Oryem's claims.  Because Chavez's duty to cause the warrant to be removed from law enforcement systems on behalf of the court arises under N.M.R.A. 6-207 and is mandatory and ministerial, and because Oryem's claim under Count III is one for prospective injunctive relief and not for monetary damages for ministerial acts that a judge directed Chavez to perform, she is not entitled to absolute quasi-judicial immunity.  *Cf. Whitesel v. Sengenberger*, 222 F.3d 861, 869 (10th Cir. 2000) (holding that "those performing ministerial acts at the direction of a judge are also entitled to absolute immunity"); *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1159 (10th Cir.  2007) (favorably citing "*Geitz v. Overall*, 62 Fed. Appx. 744, 746 (8th Cir. 2003) (concluding that state-court clerks were 'absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge according to court rule'); *McCray v. Maryland*, 456 F.2d 1, 4 (4th Cir. 1972) ('A state officer is generally not immune under common law for failure to perform a required ministerial act.')" as examples of when absolute quasi-judicial immunity does not apply).  Chavez is not absolutely immune from suit for her alleged failure to set into motion acts that will result in the formal withdrawal of the warrant from the warrant-information systems and driving records.

### 2.  State-law claims.

In Count II of his Complaint, Oryem contends that, under the New Mexico Tort Claims Act ("NMTCA") and the doctrine of *respondeat superior*, the State is generally liable for the "acts and omissions of the individual Defendants" that deprived him of rights under undescribed provisions of New Mexico laws and the New Mexico Constitution.  Defendants contend that any claim brought under the NMTCA must be dismissed because the State has not waived its immunity for any of the

acts or omissions described in Oryem's Complaint.  The Court agrees.  "The NMTCA preserves sovereign immunity against tort claims for state governmental entities and public employees acting in the scope of their duties, except as specifically waived.  N.M. Stat. § 41-4-4(A)."  *Fernandez v. Mora-San Miguel Elec. Co-op., Inc.*, 462 F.3d 1244, 1250 (10th Cir. 2006).  The NMTCA waives immunity only for claims based on the negligent maintenance or operation of motor vehicles, aircraft, watercraft; negligent maintenance or operation of public buildings and parks and their machinery, equipment, and furnishings; negligence in the operation of airports, certain public utilities, and medical facilities; and for negligence in constructing and maintaining public roads and highways, *see* N.M.S.A. 1978 §§ 41-4-5 through -9 & § 41-4-11; and for certain suits against healthcare providers and law enforcement personnel,  *see id.* §§ 41-4-10 & 41-4-12.  None of the Defendants' alleged acts fall into any of these provisions.  Suits against the State and public employees for damages for violations of rights under the New Mexico Constitution are barred unless immunity is waived under the NMTCA.  *See Chavez v. City of Albuquerque,* 124 N.M. 479, 482, 952 P.2d 474, 477 (Ct. App. 1997) ("Plaintiff may not seek damages from the City for violation of state constitutional rights unless immunity is waived under the Tort Claims Act.").  The Court will dismiss Oryem's claims brought under the NMTCA.

**NOW, THEREFORE, IT IS ORDERED** that the Defendants' motion to dismiss [Doc. 13] is GRANTED in part and that all of Oryem's claims against all Defendants are dismissed with prejudice except for his claim under § 1983 for declaratory and injunctive relief against Defendant Chavez in her official capacity as set forth above; and

**IT IS FURTHER ORDERED** that Oryem's motion for disqualification [Doc. 18] is DENIED and his motion for stay [Doc. 21] is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE