IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EDWARD ORYEM,**

       **Plaintiff,**

vs.                                      **No. CIV-10-1221 RB/LAM**

**WILLIAM "Bill" RICHARDSON,**
**individually and in his official capacity, et al.,**

       **Defendants.**

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO ORDER SETTING TELEPHONIC STATUS CONFERENCE**

**THIS MATTER** is before the Court on *Plaintiff's Objections to Order Setting Telephonic Status Conference* (*Doc. 28*), filed May 2, 2011. Having considered the objections, the record of this case, and relevant law, the Court **FINDS** that the objections are not well-taken and should be **OVERRULED**.

Plaintiff, who is proceeding *pro se*, filed his complaint on December 20, 2010, initiating this action. [*Doc. 2*]. Defendants filed a motion to dismiss Plaintiff's claims on January 11, 2011. [*Doc. 13*]. On April 11, 2011, the presiding judge in this case entered a memorandum opinion and order granting Defendants' motion to dismiss in part and dismissing all of Plaintiff's claims except his claim under 42 U.S.C. § 1983 for declaratory and injunctive relief against Defendant Chavez in her official capacity. [*Doc. 26* at 11]. On April 26, 2011, the undersigned set a telephonic status conference in this case for Tuesday, May 24, 2011 to discuss the status of the case and inquire about setting a Fed. R. Civ. P. 16 scheduling conference to set discovery deadlines. [*Doc. 27*]. In Plaintiff's objections to the order setting the status conference, Plaintiff states that he "requests that

the Court withdraw the Order setting Telephonic Status Conference and deny the defendants' costs and attorney fees." [*Doc. 28* at 3].  Plaintiff appears to base his objection on his understanding that the memorandum opinion and order dismissed all of his claims.  [*Doc. 28* at 3] (stating that the Court issued the order setting the telephonic status conference "**after** the District Court filed a Memorandum Opinion and Order ending the court case in the United States District Court for the District of New Mexico").  Because all of Plaintiff's claims have not been dismissed and this case has not been closed, the Court will overrule Plaintiff's objections to the order setting the telephonic status conference and the status conference will go forward on May 24, 2011, as ordered.  As for Plaintiff's request to deny Defendants' costs and attorney fees, Plaintiff does not state what costs and fees he is referring to and the Court declines to address a request that is not made in a motion pursuant to Fed. R. Civ. P. 7.

In addition, the Court notes that Plaintiff states in his motion that Defendants violated Fed. R. Civ. P. 12(a)(1)(A)(i) by filing a motion to dismiss instead of an answer, and that the undersigned "refused to issue a scheduling order in violation of **Fed. R. Civ. P. 16(b)(2)**." [*Doc. 28* at 3].  Even though these statements are not made in the form of a motion for relief, the Court will address them in order to clear up any confusion on these matters.  Regarding Plaintiff's statement about the timing of Defendants' motion to dismiss, Fed. R. Civ. P. 12(b) requires a party asserting the defense of, *inter alia*, failure to state a claim upon which relief can be granted, to bring its motion *before* filing an answer.  Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").  Therefore, Defendants properly filed their motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Regarding Plaintiff's statement about the timing of a scheduling order in this case, the Court first notes that control of the Court's docket is exclusively the Court's province.  *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (discussing "the power

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). The Court may, in its discretion, hold off on setting a Fed. R. Civ. P. 16 scheduling conference in certain cases when dispositive motions are pending in order to relieve parties of the expenses of discovery for claims and parties that may not remain in the case. The Court was well within its discretion to do so in this case, especially considering that none of the parties asked the Court to set a scheduling conference while the motion to dismiss was pending. The issue of setting a scheduling conference will be addressed at the telephonic status conference.

**IT IS THEREFORE ORDERED** that *Plaintiff's Objections to Order Setting Telephonic Status Conference* (*Doc. 28*) are **OVERRULED**, and the May 24, 2011 telephonic status conference will go forward as ordered at 10:30 a.m. in Document 27.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**