IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EDWARD ORYEM,**

       **Plaintiff,**

vs.                                                                   No. CIV-10-1221 RB/LAM

**WILLIAM "Bill" RICHARDSON,
individually and in his official capacity, et al.,**

       **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION

**THIS MATTER** is before the Court on Plaintiff's *Motion for Disqualification (Doc. 45)*, filed September 8, 2011. Having considered the motion, record of the case, and relevant law, the Court **FINDS** that a response is not necessary and the motion is not well-taken and should be **DENIED**.[1]

Plaintiff, who is proceeding *pro se*, seeks to disqualify the undersigned United States Magistrate Judge (hereinafter "Magistrate Judge") for bias and prejudice under 28 U.S.C. § 455(a). [*Doc. 45* at 1-2]. As grounds for his motion, Plaintiff states that the Magistrate Judge should recuse herself from this case because: (1) she has been named as a witness for the prosecution in a state

---

[1] The Court notes that on May 9, 2011, Plaintiff filed a *Notice of Appeal (Doc. 30)*, appealing the presiding Judge's *Memorandum Opinion and Order (Doc. 26)* to the Tenth Circuit Court of Appeals. Because Plaintiff's motion does not involve matters involved in the appeal, the Court is not divested of jurisdiction to decide the motion. *See Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (citations and quotation marks omitted) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its jurisdiction over those aspects of the case involved in the appeal."), and *Colorado v. Idarado Mining Co.*, 916 F.2d 1486, 1490 n.2 (10th Cir. 1990) (citations omitted) ("In interlocutory appeals . . . the district court retains jurisdiction to act on matters not involved in the appeal.")

district court case involving one of the defendants in this case, former New Mexico Governor "William 'Bill' Richardson," and (2) the Magistrate Judge "is a former State of New Mexico Assistant Attorney General," and one of the defendants in this case, Arthur Pepin, is a former New Mexico State Deputy Attorney General. *Id.* at 1-3. Plaintiff states that he "is afraid for his safety and the safety of his family for revealing this information about the [Magistrate Judge]." *Id.* at 3.

Recusal under 28 U.S.C. § 455(a) is proper whenever the judge's "impartiality might reasonably be questioned." The standard for disqualification under Section 455(a) is "only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *U.S. v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (citation and internal quotation marks omitted). The Tenth Circuit has stressed that "[s]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citation and internal quotation marks omitted). "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The Section 455(a) "standard is purely objective, [and] [t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.* The solution depends on whether "a reasonable *factual* basis exists for calling the judge's impartiality into question." *Id.* "If the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal." *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). However, in considering a motion for recusal, a judge must be cognizant of the fact that "[t]here is as much obligation for a judge not to recuse when there is no

occasion for [her] to do so as there is for [her] to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted).

Plaintiff's allegations in support of his motion for recusal are without merit. Except for Plaintiff's claim for declaratory and injunctive relief against Defendant Chavez, all of the claims in this case have been dismissed against all of the defendants, including Plaintiff's claims against Defendants Richardson and Pepin. *See* [*Doc. 26* at 11]. The fact that the Magistrate Judge was named as a potential witness for the prosecution in a case in which one of the former defendants is involved sets forth no reasonable basis to call the Magistrate Judge's impartiality into question. None of Plaintiff's claims have anything to do with the state district court case, and the Magistrate Judge has not been subpoenaed to testify in that case. In addition, while the Magistrate Judge worked as an assistant attorney general before she served as a judge, she did not work in that position while Defendant Richardson was Governor, nor did she work with Defendant Pepin. Additionally, Plaintiff has not provided any facts calling the Magistrate Judge's impartiality into question regarding either Defendant Richardson or Pepin. Moreover, the Magistrate Judge is the referral judge in this case, and as such, she will make no dispositive decisions in the case. *See* 28 U.S.C. § 636(b)(1)(A). Finally, Plaintiff's statement that he is afraid for his safety and the safety of his family for revealing information about the Magistrate Judge is perplexing, insulting, and without any merit or support. The information Plaintiff "reveals" here is publicly available, completely innocuous, and without any bearing whatsoever on Plaintiff's case. Because there is no factual basis to reasonably question the Magistrate Judge's impartiality, and this question is not a close one, the Court finds that Plaintiff's motion should be denied. *See Cooley*, 1 F.3d at 993

(citations omitted) (explaning that "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are insufficient to warrant recusal).

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Disqualification (Doc. 45)* is **DENIED.**

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**