IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EDWARD ORYEM,**

       **Plaintiff,**

vs.                                                                                          No. CIV-10-1221 RB/LAM

**WILLIAM "Bill" RICHARDSON,**
**individually and in his official capacity, et al.,**

       **Defendants.**

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS MATTER** is before the Court on Plaintiff's objections to the undersigned's denial of Plaintiff's verbal motion for a continuance of the Rule 16 Initial Scheduling Conference, filed October 25, 2011, which the Court construes as a motion for reconsideration. [*Doc. 60*]. Having considered the motion, record of the case, and relevant law, the Court **FINDS** that a response is not necessary and the motion is not well-taken and should be **DENIED**.

Plaintiff, who is proceeding *pro se*, states that he did not receive Defendants' Rule 26(a)(1) Initial Disclosures by the time of the telephonic Rule 16 Initial Scheduling Conference, which took place on October 19, 2011. [*Doc. 60* at 3]. Plaintiff states that, at the scheduling conference, he made an oral motion to continue the conference because he had not received Defendant's initial disclosures. *Id.* The undersigned denied this oral motion and proceeded with the scheduling conference. Plaintiff now asks the Court to "reverse the ruling denying the Verbal Motion for Continuance and reschedule the telephonic Rule 16 Initial Scheduling Conference." *Id.*

As the undersigned explained to Plaintiff at the scheduling conference, Defendants complied with the Initial Scheduling Order because they had served their initial disclosures on Plaintiff by mailing they to him on October 18, 2011, and faxed them to him on October 19, 2011, which service was within fourteen (14) days of the date the parties had their meet and confer session.[1]  *See* Defendant's *Certificate of Service* re Initial Disclosures [*Doc. 51*]; Clerk's Minutes [*Doc. 53* at 3]; *see also* Initial Scheduling Order [*Doc. 49* at 1].  Plaintiff presented no reason at the scheduling conference about why he needed the initial disclosures for the scheduling conference, nor does he present any reason in his motion for reconsideration regarding why the initial scheduling conference should be rescheduled.  Nor does Plaintiff allege, must less show, that he was prejudiced in any way by having to participate in the scheduling conference without having Defendants' initial disclosures in hand at the hearing.  While Plaintiff notes that the Initial Scheduling Order states that "Counsel shall be prepared to discuss . . . initial disclosures" at the scheduling conference [*Doc. 49* at 2], that does not mean that the scheduling conference cannot go forward if the parties have not yet received the initial disclosures.  Much of the information that is usually provided in initial disclosures is provided in the Joint Status Report, in which Plaintiff participated in preparing and which he had for the scheduling conference.  For these reasons, the Court finds that Plaintiff's request to reschedule the Rule 16 scheduling conference is without any support or merit and should be denied.

---

[1] According to Plaintiff, the parties had their "meet and confer" session telephonically on October 4, 2011. [*Doc. 60* at 2].

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration [*Doc. 60*] is **DENIED.**

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**