#### IN THE UNITED STATE DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

**EDWARD ORYEM**,

    Plaintiff,

v.                                       **No. CIV-10-1221 RB/LAM**

**WILLIAM "Bill" RICHARDSON**, individually
and in his official capacity; **ARTHUR PEPIN**,
individually and in his official capacity;
**KAREN JANES**, individually and in her
official capacity; **ISABEL CHAVEZ**, individually
and in her official capacity; **TAMMY A. BENAVIDEZ**,
individually and in her officially capacity; and
**STATE OF NEW MEXICO**, ex rel. Department of
Public Safety – New Mexico State Police and
Taxation & Revenue Department –
Motor Vehicle Division,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant Isabel Chavez's Motion for Summary Judgment on All Remaining Claims*, filed December 9, 2011 (Doc. 62). Having considered the parties' memoranda[1], the record, the relevant case law, and otherwise being fully informed, the Court will grant the motion.

**I.    UNDISPUTED FACTS AND PRIOR PROCEEDINGS**

The Court summarized the allegations in pro se Plaintiff Edward Oryem's Complaint in its April 11, 2011 Memorandum Opinion and Order granting in part the Defendants' motion to dismiss.

Oryem, an African-American, was issued a traffic ticket on November 5,

---

[1] Oryem objects to the Court's consideration of the Defendant's Reply brief, which was filed on January 3, 2012, erroneously contending that it was untimely filed. *See* Doc. 68. Once again, Oryem fails to properly compute the due date of the reply brief because he failed to apply FED. R. CIV. P. 6(a)(1) and 6(d). His objection has no merit.

> 2009, for failure to dim his lights. Compl. ¶¶ 5, 14.  According to the documents Oryem attached to his Complaint, Oryem filed a not-guilty plea, and trial was initially set before Judge Naranjo in the Moriarty magistrate court for December 14, 2009. *See id.*, Ex. D, Att. 1 at 1,2.  But Oryem excused Judge Naranjo on November 30, 2009, so the original trial date was vacated. *See id.*  Oryem then filed a motion to transfer venue to the Socorro magistrate court on December 17, 2010, which was granted. *See id.*  A new judge was assigned, and a trial on the matter was scheduled in Socorro for February 11, 2010. *See id.;* Compl. at ¶ 16. The docket sheet that Oryem submits indicates, however, that "Wellborn-DA's office" filed a notice of nonappearance on January 15, 2010. *See* Compl, Ex. D, Att. 1.  Defendant Tammy Benavidez prepared, and Judge Larry S. Jones signed, a bench warrant for Oryem's arrest on January 19, 2010 on the mistaken belief that Oryem had not appeared for a trial on January 19. *See* Compl. ¶ 16; *id.* Ex. C (bench warrant signed by Judge Larry Jones).  According to Oryem, the notice of the warrant was actually placed in Oryem's official driving record and "entered into the Soccoro County Sheriff Office Central Dispatch, the New Mexico Crime Information Center, . . . and the National Crime Information Center . . . ."  Compl. ¶ 53.  Oryem contends that, because there was no probable cause for issuing the bench warrant, it was invalid, and entering the warrant into the systems violated his constitutional rights to due process and equal protection.  *See id.* ¶ 54.
>
> After becoming aware of the warrant on January 24, Oryem moved to quash it on January 26, 2010.  *See id* ¶¶ 18, 19; *id.* Ex. D (motion to quash).  But by that time, Judge Jones had already orally issued an order to quash the warrant on January 20, 2010, as "not valid."  Compl., Ex. D, Att. 1 at 1 (summary notation for January 20, 2010 stating: "War: Bench Warrant FTA quashed Per Judge Jones (Telephone Call) BW quashed 'not valid.'").  Oryem's trial was held on February 11, 2010 and he was convicted.  He appealed and was again convicted in District Court on March 11, 2010, and his conviction has been upheld in the appellate courts.  *See* Compl. ¶¶ 26-28.  But Oryem states the Defendants have failed to "remove the . . . warrant from the warrant information system," after he filed his motion to quash and appeared for trial, and that he is "afraid of being arrested for an illegal and unconstitutional bench warrant."  *Id.* ¶¶ 22, 31.

April 4, 2011 MOO at 4-5 (footnote omitted). The Court dismissed most of Oryem's claims, but

denied the motion to dismiss as to Count III of the Complaint. The Court explained,

> In Count III of his Complaint, Oryem requests declaratory and injunctive relief, contending that the Court should declare the bench warrant to be unconstitutional because it was issued without probable cause, and that it should order the New Mexico State Police to remove the warrant from the NCIC and NMCIC records and should order the Socorro County Sheriff's Central Office Dispatch and the Motor Vehicles Department to remove the warrant from Oryem's

2

>    driving record. Compl. at 11-12. Otherwise, Oryem contends, he may be falsely
>    arrested and his driver's license may be unlawfully suspended.
>
>    In the motion to dismiss, the Defendants acknowledge some of Oryem's
>    allegations, but they insist that, because the court docket sheet shows that the warrant
>    was quashed the day after it was entered, Oryem cannot show any harm because he
>    was only "subject to a bench warrant for one day" thus he has no "standing" to bring
>    his complaint for declaratory and injunctive relief. Doc. 13 at 4. That analysis
>    ignores Oryem's allegations that, because the undisputedly invalid warrant (which
>    appears to be facially valid because it bears Judge Jones' signature) still actually
>    exists as an outstanding warrant in his driving records and in the NCIC and NMCIC
>    records, he may be arrested and his driver's licenses suspended at any time
>    notwithstanding the fact that the magistrate court has now informally quashed and
>    deleted the warrant from its court records.

*Id.* at 8. The Court concluded that,

>    Because the bench warrant ordered Chavez to "cause to be entered into a law
>    enforcement information system maintained by the state police," Compl., Ex. C,
>    Chavez may be ordered to cause it to be removed from the systems on behalf of the
>    magistrate court, as required by N.M.R.A. 6-207(d) ("If the court withdraws the
>    warrant, the court shall cause the warrant to be removed from the warrant
>    information system."). Oryem has stated a cognizable claim for declaratory and
>    injunctive relief under § 1983, but only against Defendant Chavez.

*Id.* at 9-10. Defendant Chavez now seeks summary judgment on these claims.

## II. LEGAL STANDARD.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."[2] FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (noting that a summary-judgment movant need not negate all the nonmovant's claims, but need only point to an "absence of evidence to

---

[2] "Rule 56 has recently been amended, effective December 1, 2010. Under the amended rule, the standard previously enumerated in subsection (c) was moved to subsection (a), and the term genuine 'issue' became genuine 'dispute.' *See* Fed. R. Civ. P. 56 advisory committee's notes (2010 Amendments). However, the 'standard for granting summary judgment remains unchanged.' *Id.*" *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037 n.8 (10th Cir. 2011).

support the nonmoving party's case"). The party seeking summary judgment has the

> initial burden to show that there is an absence of evidence to support the nonmoving party's case. Once [the movant] meets this burden, the burden shifts to [the non-moving party] to identify specific facts that show the existence of a genuine issue of material fact. The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor.

*Thomas v. I.B.M.*, 48 F.3d 478, 484 (10th Cir. 1995) (citations and internal quotations omitted).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). Mere assertions or conjecture of factual disputes are not enough to survive summary judgment. *See Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010) ("[u]nsupported conclusory allegations do not create a genuine issue of fact"); *Branson v. Price River Coal Co.*, 853 F.2d 768, 771-72 (10th Cir. 1988). The ultimate inquiry in a summary-judgment disposition is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

"When applying th[e summary-judgment] standard, [the court] view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (internal quotation marks omitted).

**III.   ANALYSIS**.

Defendant has submitted undisputed evidence in the form of an affidavit and letters conclusively demonstrating that, when Judge Jones discovered that the warrant had erroneously been issued, Judge Jones ordered that Oryem's "warrant be immediately quashed in the FACTS database." Doc. 62, Ex. A at 1, ¶ 7 (Affidavit of Isabel Chavez). Ms. Chavez testified that "the paperwork for the warrant never left the [Socorro Magistrate Court Clerk's] office." *Id.* Ms. Chavez further testified that Judge Jones directed her to completely delete the warrant from the FACTS database, which she did. *Id.* ¶ 8. She swore that the Clerk's office never sent the warrant to the "New Mexico State Police, who enters [] warrant[s] into the NCIS database," and, therefore, the warrant was never "entered into NCIC or any other system." *Id.* at ¶¶ 9-10. Regina Chacon, Assistant Bureau Chief and NCIC/CJIS Systems Officer for the State of New Mexico Department of Public Safety, verified in writing that no bench warrant for Mr. Oryem was ever, at any time, "entered into NCIC by any criminal justice agency." Doc. 62, Ex. B (Oct. 7, 2011 Letter from R. Chacon to I. Chavez).

In response to the summary-judgment evidence, Mr. Oryem simply states that he "has never received correspondence or certified documents from the New Mexico Department of Public Safety and the United States Federal Bureau of Investigation regarding the status of the Plaintiff's unconstitutional bench warrant . . . ." Doc. 63 at 5. He refers to Tammy Benavidez's "memorandum" to Ms. Chavez as a document that disputes Ms. Chavez's affidavit, *see id.* at 6, but that memorandum does not dispute the statements regarding the magistrate court's treatment of the warrant after Judge Jones discovered that it had been improperly issued. *See* Compl. Ex. E (Tammy Benavidez's undated "memorandum").

The Court concludes that evidence conclusively demonstrates that, contrary to Mr. Oryem's unsupported allegations and speculative conclusions, no injury can possibly stem from the quashed bench warrant because it was never sent to the State Police to be entered into NCIC or any other law-enforcement database, and was deleted from the Court's FACT system. Because the Defendant has presented uncontroverted evidence that there are no issues for trial and that she is entitled to summary judgment as a matter of law on Oryem's claims for declaratory and injunctive relief, the Court will grant summary judgment in her favor on Count III and dismiss Oryem's Complaint.

**IT IS ORDERED** that the Defendant's motion for summary judgment (Doc. 62) is GRANTED and the complaint is dismissed.

_____
UNITED STATES DISTRICT JUDGE